**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

SEP - 5 2008

**Clerk, U.S. District and**
**Bankruptcy Courts**

---------------------------------------

**ADEDAYO A. ADEWOLE**
**6727 Riverdale Rd., Apt E**
**Riverdale, MD 20737**

  **Plaintiff,**


  v.                                    Civ

**PSI SERVICES, INC.**
**770 M Street, SE**
**Washington, DC 20003**

  **Defendant.**

Case: 1:08-cv-01540
Assigned To : Kennedy, Henry H.
Assign. Date : 9/5/2008
Description: Employ. Discrim.

*JURY ACTION*

---

## COMPLAINT

1.      This is a suit brought pursuant to Sections 703 and 704 of Title VII of the Civil

Rights Act of 1964 as amended, 42 U.S.C. §2000e, et.seq. at §§2000e-2 and 3

(hereinafter called Title VII) and the Civil Rights Act of 1866 as amended, 42 U.S.C.

§1981, to redress national origin discrimination and discrimination based on ethnic

characteristics and retaliation.  Plaintiff is seeking damages against his former employer

for discriminating against him because of his national origin (Nigeria) and ethnic

characteristics and by retaliating against him for filing an earlier EEO complaint by

terminating him for pretextual reasons.

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, §1343(a)(3) and

§706(f) of Title VII, 42 U.S.C. §2000e-5(f).

3.      Venue in this district is appropriate pursuant to 28 U.S.C. §1391 and §706(f) of

Title VII, 42 U.S.C. §2000e-5(f) because the acts of discrimination occurred in this

judicial district and the defendant employed the plaintiff in this district.

4.      Plaintiff is commencing this action within 90 days after receiving his right to sue

        authorization from the EEOC and he has timely exhausted all administrative

        requirements for bringing this claim.

**THE PARTIES**

5. The plaintiff, Adedayo A. Adewole (hereafter referred to as Plaintiff), is a resident of

the State of Maryland who was employed by Defendant at all times relevant  in the

District of Columbia.  At all times relevant hereto,  plaintiff was an employee of the

defendant, as defined under §701(f) of Title VII, 42 U.S.C. §2000e-(f).

6. Defendant, PSI Services, Inc. (hereafter referred to as Defendant), is a for profit

company doing business in the District of Columbia,  providing caretaker services to the

government entities for retarded and disabled individuals who qualify for such services.

At all times relevant to this complaint, the defendant was an employer as defined under

§701(b) of Title VII, 42 U.S.C. §2000e-(b).


**FACTS**

        7. Complainant a 33 year old black male who was born, raised and educated in

Nigeria.  He immigrated to U.S. in 2004.  He was hired by Defendant on 4/29/05 as a

Resident Counselor, for which he is certified and has extensive prior experience.

Plaintiff performed his duties well and was complimented by his supervisor for his

conscientious and caring services.  Plaintiff received a pay raised in June 2006 for his

2

good work performance.

8. Defendant encourages employees to use their private vehicles to transport residents in their care for various appointments and personal errands that the residents want to run, and offers them reimbursement for the mileage used throughout the month. However, Plaintiff would frequently have problems getting reimbursed for mileage. On 6/24/06, Plaintiff called the Director, Mr. Antone (African American) seeking reimbursement for mileage that was in arrears for over a month). Plaintiff was suspended the next day for allegedly using foul language against a client. Defendant's allegation was bogus and Plaintiff immediately filed an EEOC complaint. Defendant promptly settled the matter by returning Plaintiff to work with full back pay and a clean record.

9. In July, 2007, Plaintiff again submitted a reimbursement request for mileage while using his private vehicle for several trips made earlier transporting clients. On July 30, 2007, Defendant sent Plaintiff a letter (backdated to 7/17/07) accusing him of submitting a false mileage claim because his claim for reimbursement was longer than what Mapquest indicated. The letter threatened Plaintiff with termination if he submitted false claims in the future. After receiving this letter, Plaintiff refused to use his private vehicle because of the threatening letter and because he still had not been reimbursed even for the distance that Mapquest indicated was appropriate.

10. On August 2, 2007, Defendant's house manager, Ms. Mary Kimbrough (African American), asked Plaintiff to transfer a resident using his private vehicle. Plaintiff refused citing the prior threatening letter and not getting reimbursed. Plaintiff's house manager became upset with him. The next day she reassigned him another resident who had assaulted other counselors. Plaintiff refused the assignment. Ms.

Kimbrough admitted to Plaintiff that the Director was urging her to write him up and take

him off the work schedule (suspend him) and she told Plaintiff she would do so.

Plaintiff was taken off the schedule until 8/22/07.

11.  On 8/22/07, Plaintiff called Defendant's Human Resource Director, Melvin

Williams (African American), who urged Plaintiff to return to work and assured him that

he would be paid for his accumulated mileage and that he would not be fired. He

also promised to talk to the Director about reimbursing Plaintiff for the time he was out

on suspension.

12.  Relying on the assurances of the HR Director that he could return to work

without fear of further retaliation, Plaintiff returned to work and worked from 8/22/07

through 9/8/07.  Plaintiff was forced to work a double shift on the latter date because

nobody relieved him and his calls to the House Manager were not returned.   Plaintiff's

next scheduled day for work was 9/12/07.  At that time, he received a call to come to the

office to sign his papers for reimbursement of mileage.  When he appeared at Defendant's

central office, however, he was presented with a notice of termination.  The termination

letter accused him of falsifying mileage and claiming mileage beyond that which was

approved.   Plaintiff submits that the reasons given for his termination are bogus.  Indeed,

Plaintiff states that the mileage that was being referred to was the very same mileage that

he submitted before July 2007, for which he was already sent a threatening letter.

Plaintiff insists that he refused to use his private vehicle after receiving the letter.  On

each occasion for which he claimed mileage, his house manager obtained prior approval

from the front office and Plaintiff claimed only the mileage that he actually used to

transport the client.

4

13. Plaintiff believes that he was treated more harshly than non-African born employees because management has the attitude that as an African born, you should consider lucky to have the job. Plaintiff believes that Defendant also still holds animosity against him for filing the earlier EEO complaint to secure his rights against discriminatory treatment when he was previously suspended after seeking reimbursement for mileage under bogus charges. Finally, Plaintiff submits that he was treated worse than other employees who were not born in Nigeria, and who were provided reimbursement for mileage without the threat of termination and without the false accusations against them.

14. After his termination, Defendant replaced Plaintiff with an American-born male.

15. Plaintiff has suffered from his termination by suffering a loss of income, losing his apartment and having to accept charity from others and because of the stress of having to look for another position after being fired for alleged fraud. Plaintiff also lost sleep and was anxious about whether Defendant's claim of fraud would prevent him from getting future employment elsewhere, or may ruin his reputation for honesty in performing the type of work that usually requires reimbursement for expenses as part of the job duties.

## CLAIMS

### I. Defendant's Conduct Violative of Title VII and 1981

16. The plaintiff incorporates by reference paragraphs 1 through 17 above.

17. The defendant's decision to terminate plaintiff under the circumstances as set forth in the paragraphs above discriminated against him because of his national origin

and ethnic characteristics and in retaliation for complaining about discrimination was in violation of §§ 703 and 704 of Title VII, 42 U.S.C. §2000e-2 and 42 U.S.C. §1981.

20. The defendant's actions were taken with malice toward, and/or in reckless indifference to, the plaintiff's federal rights.

21. As a result of the defendant's violations of Title VII and 42 U.S.C. §1981, the plaintiff suffered a loss of employment, lost compensation and fringe benefits, and other rights and privileges of his employment.

22. As a result of the defendant's violations of Title VII and 42 U.S.C. §1981, the plaintiff suffered emotional pain, mental anguish, humiliation and loss of enjoyment of life.

### RELIEF REQUESTED

1. Issue an order declaring that the defendant has violated the plaintiff's rights under Title VII;

2. Issue an order directing the defendant to reinstate the plaintiff to the position he would have held were it not for the discrimination against him and provide him full back pay and/or front pay and other benefits related to his employment;

3. Issue an order directing the defendant to pay the plaintiff compensatory damages for the emotional pain, mental anguish, humiliation and loss of enjoyment of life he suffered because of the defendant's discrimination in violation of Title VII;

4. Issue an order directing the defendant to pay the plaintiff punitive damages for its violations of Title VII;

5. Issue an order directing the defendant to pay the plaintiff pre- and post-judgment interest on the amounts owed to him;

6

6. Issue an order directing the defendant to pay the plaintiff his costs incurred in this action, including reasonable attorneys' fees;

7. Issue an order directing the defendant to take such other actions as are necessary to carry out the remedial purposes of the law.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with regard to all issues to which he is entitled to a trial by jury.

FOR THE PLAINTIFF,

/s/ James L. Kestell
James L. Kestell   DC 955310
jlkestell@cox.net
Michael Deeds DC 466815
mikedeeds@juno.com
Kestell & Associates
209 Midvale Street
Falls Church, VA 22046-3510
Ph:  703 237-2912
Fax:  703 237-4321